UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAWRENCE WAGNER AND HAKIM ABDURRAHEEM

**Index No. 14 CV 2521 (VEC) ECF CASE**

Plaintiffs,

-against-

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

CITY OF NEW YORK; individually and in his official capacity
as Commissioner of the New York City Police Department,
RAYMOND W. KELLY; individually and in her official capacity
as Commissioner of the New York City Department of Correction,
DORA B. SCHRIRO; and, individually and in their official capacities
as New York City police officers, JEROME FOY (Shield No. 8820)
and "JOHN DOE."

Defendants.

------------------------------------------------------------------------x

<u>PRELIMINARY STATEMENT</u>

1. This is an action whereby Plaintiffs seek relief for deprivation, under color of statute, ordinance, rule, regulation, custom and/or usage, by Defendants of the rights, privileges, and immunities secured to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. §1983.

2. In addition, this is a claim wherein Plaintiffs seek to recover for personal injuries, emotional distress, loss of income and deprivation of liberty to which Plaintiffs were subjected in the course and as a result of unreasonable and unlawful search and seizure, false arrest, excessive force, unlawful imprisonment, deprivation of communication with the outside world, and deprivation of right to counsel at the hands of New York City Police Department Officers, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

3. In addition, this is an action whereby Plaintiffs seek relief for discriminatory conduct to which Plaintiffs were subjected by Defendants on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2-101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and for violation of Plaintiffs' Civil Rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

1

4. This claim arises from treatment to which Defendants subjected Plaintiffs on and around the time of Plaintiffs' arrest and pretrial confinement on June 18, 2012.

5. Plaintiffs seek monetary damages (special, compensatory and punitive) against the Defendants, injunctive relief, as well as an award of costs, disbursements and attorneys' fees.

## JURISDICTION

6. Jurisdiction is conferred on the United States District Court by 28 U.S.C. §1331, as this is an action arising under the Constitution of the United States and Federal Statutes; and by 28 U.S.C. §1343(a)(3), as this is an action to redress the deprivation, under color of New York State laws, statutes, ordinances, regulations, customs and/or usages, of rights, privileges and/or immunities secured to Plaintiffs by the Constitution of the United States and Acts of Congress providing for equal rights of citizens within the jurisdiction of the United States; and by 28 U.S.C. §1343(a)(4), as this is an action to recover damages and secure equitable relief under Acts of Congress providing for the protection of civil rights secured to Plaintiffs by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the US Constitution and by 42 U.S.C. §1983; and by the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12-101 et seq., and by Section 504 of the Rehabilitation Act, 29 U.S.C. §794, as this is an action to recover for unlawful discriminatory practices on the basis of disability and handicap by the Defendants in their treatment of Plaintiffs.

## VENUE

7. At all relevant times Plaintiff Lawrence Wagner resided at 101 Avenue D, Apartment 4E, New York, NY 10009 and Plaintiff Hakim Abdurraheem resided at 208 West 151st Street, Apartment B32, New York, NY 10039.

8. All acts complained of herein occurred at or near the intersection of Battery Place and Little West Street, New York, NY 10280 and/or 16 Ericsson Place, New York, NY 10013 (Precinct 001 of the police department of the City of New York). Both locations are located in the Southern District of New York.

9. Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b).

JURY DEMAND

10. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

PARTIES

11. Plaintiffs are citizens of the United States and at all relevant times have resided in New York City. Plaintiff Wagner is a 68 year old, disabled military veteran and licensed New York City general vendor who has lawfully sold general merchandise using his Citywide Specialized ("Yellow") vending license on the streets of lower Manhattan for several years. Plaintiff Abdurraheem is a 60 year old, disabled military veteran and licensed New York City general vendor who has lawfully sold general merchandise using his Citywide Specialized ("Yellow") vending license on the streets of lower Manhattan for the past several years. In addition, Plaintiff Abduraheem is a licensed life and health insurance agent in the states of New York, New Jersey and Pennsylvania as well as a licensed real estate broker in New York State.

12. Defendant City of New York was and is a municipal corporation organized and existing under the laws of the State of New York.

13. Defendant Officer Jerome Foy is sued in his individual and official capacity as a New York City police officer and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

14. Defendant Officer "John Doe" is sued in his individual and official capacity as a New York City police officer and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

3

15. Defendant New York City Police Commissioner Raymond Kelly was and is the Commissioner of the New York City Police Department, promulgated policies, customs, and/or usages with respect to the condition and staffing of police precinct jails and holding pen facilities and the supplying of assistive devices for the disabled to such facilities and the training, supervision, and discipline of NYPD Police Officers, including defendant Officer Jerome Foy and defendant Officer "John Doe".

16. Defendant New York City Department of Corrections Commissioner Dora B. Schriro was and is the Commissioner of the New York City Department of Corrections, promulgated policies, customs, and/or usages with respect to the condition and staffing of police precinct jails and holding pen facilities and the supplying of assistive devices for the disabled to such facilities and the training, supervision, and discipline of Officers attending these jails and holding pen facilities, including Defendant Officers Jerome Foy and defendant Officer "John Doe."

17. The actions of the individual police officers complained of were done as part of the custom, practice, usage, rules, regulations, and/or directives of Defendants City of New York, its New York City Police Department and its New York City Department of Corrections, and the Defendant City of New York is, as such, responsible for said Defendants' individual actions. Defendant City of New York is responsible for the actions of the individual Defendants under *respondeat superior* and principal/agent rules.

18. At all times herein mentioned, the Defendants, their agents, servants and employees were acting under color of state statutes, ordinances, rules, regulations, policies, customs and/or usages of the City and State of New York.

## NOTICE OF CLAIM

19. Notice of claim requirements do not apply to claims lawfully brought under 42 U.S.C. §1983. *Mompoint v. City of New York* 751 N.Y.S.2d 38, 38 (N.Y. App. Div. 2002).

20. There is an absence of congressional intent to apply state notice-of-claim requirements to ADA or Rehabilitation Act claims. *Finley v. Giacobbe*, 827 F. Supp. 215, 219 (S.D. N.Y. 1993).

FACTUAL ALLEGATIONS

21. Plaintiff Lawrence Wagner suffers from several medical problems, including coronary artery disease requiring four stents, chronic obstructive pulmonary disease, bladder cancer with surgical resection, prostate cancer status post prostatectomy, Grave's Disease status post radioactive treatment now with hypothyroidism, anxiety, depression, psoriatic arthritis, and chronic low back pain. Due to his multiple medical issues, Plaintiff Wagner requires, by medical order, a wheelchair, and has required such medical assistance for six years. As such, Mr. Wagner is a qualified individual with a disability as defined by both the ADA, 42 U.S.C. §12102(2), and the Rehabilitation Act, 29 U.S.C. §705(2)(B).

22. Plaintiff Hakim Abdurraheem suffers from several medical problems including severe knee osteoarthritis for which he requires, by medical order, a cane, and has required such medical assistance for several years. In addition, Plaintiff Abdurraheem has diabetes for which he requires insulin and regular meals to prevent hypoglycemia, and he has required such medical assistance for over fifteen years. As such, Mr. Abdurraheem is a qualified individual with a disability as defined by both the ADA, 42 U.S.C. §12102(2) and the Rehabilitation Act, 29 U.S.C. §705(2)(B).

23. The defendant City of New York is a provider of State and Local Government Services as defined in Title II of the ADA. In addition, the City of New York and its Police Department are recipients of federal funds as defined by the Rehabilitation Act.

24. As residents of the State of New York and as individuals who rely upon the services provided by the City of New York and the State of New York as well as the public accommodations within the City and State of New York, Plaintiffs will likely have future interactions with and will continue to use the services and facilities of the City of New York, including its New York City Police Department.

25. On June 18, 2012, at or near the intersection of Battery Place and Little West Street, in the City of New York, Manhattan County, New York, at approximately 14:00, Plaintiffs were

5

lawfully present and conducting business as licensed street vendors, being owners of Citywide Specialized ("Yellow") vending licenses, as are issued only to military veterans with service-related disabilities.

26. At the aforesaid time and place, defendant NYPD Police Officer Jerome Foy, after inspecting Plaintiffs' vending licenses, told Plaintiffs they were displaying "illegal t-shirts," and then proceeded, without legal process, to forcibly, wrongfully and unlawfully arrest Plaintiffs, lead them through the streets of the City of New York, handcuffed, and then proceeded, unlawfully and maliciously, to force Plaintiffs to go to the City of New York Police Station, First Precinct, against their will. Some of the merchandise on display was confiscated by Officer Foy.

27. In fact there was no credible evidence to support Officer Foy's claim that the t-shirts on display at Plaintiffs' respective tables, at the aforesaid time and place of arrest, were "illegal."

28. At the aforesaid time and place of arrest, Defendant Officer Jerome Foy commanded Plaintiff Wagner to leave behind his wheelchair and Plaintiff Abdurraheem his cane, thereby depriving Plaintiff Wagner of his wheelchair and Plaintiff Abdurraheem of his cane, failed to provide either with any substitute support, and commanded, over Plaintiffs' clear and repeated objections, Plaintiffs to stand and walk, with hands cuffed behind their backs, ten feet to a van, whereupon Officer Foy commanded, over Plaintiffs' clear and repeated objections, Plaintiffs to step up into the van, wherein Officer Foy commanded, over Plaintiffs' clear and repeated objections, Plaintiffs to maneuver inside of the van to change seats, all causing Plaintiffs great pain and discomfort. Juan Villafane, a friend of Plaintiff Wagner, witnessed the arrest.

29. Defendant officer Foy transported Plaintiffs, who remained handcuffed, through the streets of New York for an hour before arriving at the NYPD's First Precinct in lower Manhattan, NY, where Officer Foy commanded Plaintiffs, who remained handcuffed, to step down from the van and walk, without support, up the steps to the entrance of the precinct and, once inside, to the back of the precinct and, once there, to stand for the desk sergeant and then, still handcuffed and without support, to walk to another desk where Officer Foy then commanded Plaintiffs to remain standing for fingerprints and photographs, all causing Plaintiffs great pain and discomfort.

30. While in the custody of the NYPD and/or the New York City Department of Corrections at the First Precinct for approximately six hours, Plaintiffs, who were jailed several feet away from defendant Officer Foy seated at a desk, made express requests to defendant Officer Foy for seating but were deprived of it due to the fact that the holding cell contained only one bench large enough to seat a small number of grown men and there were a larger number of inmates already in the holding cell occupying the available bench space entirely. Further, Plaintiffs, despite their express requests to Officer Foy, were deprived of support for trips to the bathroom, which was located down the hall from the bullpen in another cell and which was not equipped to accommodate an individual with a physical disability. Further, Plaintiffs, despite Plaintiff Abdurraheem's express request to Defendant Officer Foy for sustenance to control his diabetes, were deprived of food and water. Further, Defendants deprived Plaintiffs of access to a means of communicating with the outside world, thus depriving Plaintiffs of their right to communicate with family, legal counsel and/or friends. In addition, Plaintiffs were deprived of receiving medical care for injuries sustained in the course of the arrest, and were deprived of their respective regular medications. All of this caused Plaintiffs great pain and discomfort.

31. Plaintiffs' street vending licenses indicating their status as disabled veterans being in plain sight at all relevant times, and Plaintiffs' use of a wheelchair or cane also being in plain sight at all relevant times, Officer Foy knew or should have known that Plaintiffs were disabled or in need of reasonable support at all relevant times.

32. Further, Defendant Officer "John Doe", working in his official capacity as front desk attendant of NYC Police Department Precinct 001 at the time of Plaintiffs' detention, was made aware by Juan Villafane, at a time when Plaintiffs had been detained and continued to be detained, of Plaintiff Wagner's detention, the nature of Plaintiff Wagner's disability and Plaintiff Wagner's need for the assistance of a wheelchair. Further, Villafane brought Plaintiff Wagner's wheelchair to the precinct and presented it to Defendant Officer "John Doe", at which time Defendant Officer "John Doe" dismissed Villafane and refused to accept the wheelchair, failed to deliver it to Plaintiff Wagner, and failed to otherwise inquire into the matter.

33. Upon release, defendant Officer Foy, without providing any physical support or a means of transportation of any kind, instructed Plaintiff Wagner and Plaintiff Abdurraheem to return to their homes, which were 2.1 miles and 8.3 miles away, respectively. Though Plaintiff Wagner was able to get a ride home from a friend with a car, Plaintiff Abdurraheem, without any means of contacting anyone, and with only a Metrocard, was forced to walk, without support, to a bus stop, then to a subway station, and then to his apartment, causing him great pain and discomfort.

34. The criminal charges brought against Plaintiff Wagner were dismissed by a New York State Court for lack of sufficient evidence to sustain a charge. The trial scheduled to hear the criminal charges brought against Plaintiff Abdurraheem was adjourned and rescheduled multiple times before being dismissed, in March of 2013, for lack of sufficient evidence to sustain a charge.

35. As a direct and proximate result of the said acts of Defendants, Plaintiffs suffered significant personal injuries requiring bed rest and medical treatment. In addition, Plaintiff Wagner was unable to work for 45 days due to his injuries, costing him daily earnings. In addition, Plaintiff Abdurraheem was unable to work for 14 days due to his injuries, costing him daily earnings.

36. As a direct and proximate result of the said acts of Defendants, Plaintiffs continue to suffer irreparable personal and emotional injuries.

37. As a direct and proximate result of the said acts of Defendants, Plaintiff Abdurraheem suffered additional losses in income. As a licensed life and health insurance agent, Plaintiff Abdurraheem relies on his ability to act as an agent for a variety of life and health insurance carriers, as it enables him to match potential clients with the most suitable and affordable life and/or health insurance plans on the market and enables him to compete with other life and/or health insurance agents. As a direct and proximate result of the said acts of Defendants, Plaintiff Abdurraheem, upon submission of his twice-annual application to represent a variety of individual carriers, was denied permission to represent a number of said carriers due to the pending criminal charge referred to above and, therefore, was unable to offer these services to potential clients. This eroded Plaintiff Abdurraheem's ability to compete with other life and health insurance agents and directly and proximately resulted in loss of income.

38. As a direct and proximate result of the said acts of Defendants, Plaintiff Abdurraheem suffered additional losses in income. As a licensed real estate broker, Plaintiff Abdurraheem relies on his license in order to lawfully facilitate transactions in private and commercial properties. As a direct and proximate result of the said acts of Defendants, Plaintiff Abdurraheem, upon submission of his application for renewal of his real estate license, was denied renewal of his real estate license. This eliminated Plaintiff Abdurraheem's ability to engage in this trade and directly and proximately resulted in loss of income.

## DAMAGES

39. As a direct and proximate cause of the said acts of Defendants, Plaintiffs suffered the following injuries and damages:

      a.  Violations of rights secured to them under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

      b.  Personal injuries; and

      c.  Economic damages including loss of property, loss of income and medical expenses related to treatment for injuries sustained as a direct and proximate result of the said acts of Defendants.

## FIRST CAUSE OF ACTION – VIOLATION OF TITLE II OF THE ADA
## (COMPENSATORY DAMAGES)

40. At all relevant times the ADA, 42 U.S.C. §§12101, et seq. was in effect and applied to Defendants' conduct.

41. At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. 35, were in full force and effect and applied to the Defendants' conduct.

42. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were qualified individuals with disabilities within the meaning of Title II of the ADA, 42 U.S.C. §12102(2).

43. At all times relevant to this action, the Defendants City of New York, its Police Department and its Corrections Department were public entities within the meaning of Title II of the ADA.

44. The objective of the ADA is to eliminate discrimination against individuals with disabilities. Section 202 of the ADA, 42 U.S.C. §12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity".

45. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the ADA has directly injured, and continues to injure, Plaintiffs.

46. Defendants' violations of the ADA mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which he was entitled to by law and intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

47. Plaintiffs have been damaged and demand compensatory damages and punitive damages together with attorneys' fees and the costs and disbursements of this action.

## SECOND CAUSE OF ACTION – VIOLATION OF TITLE II OF THE ADA
### (INJUNCTIVE RELIEF)

48. At all relevant times the ADA, 42 U.S.C. §§12101, et seq. was in effect and applied to Defendants' conduct.

49. At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. 35, were in full force and effect and applied to the Defendants' conduct.

10

50. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were qualified individuals with disabilities within the meaning of Title II of the ADA, 42 U.S.C. §12102(2).

51. At all times relevant to this action, the Defendants City of New York, its Police Department and its Corrections Department were public entities within the meaning of Title II of the ADA.

52. The objective of the ADA is to eliminate discrimination against individuals with disabilities. Section 202 of the ADA, 42 U.S.C. §12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

53. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the ADA has directly injured, and continues to injure, Plaintiffs.

54. Defendants' violations of the ADA mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which he was entitled to by law and intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

55. Injunctive relief is appropriate because of the likelihood that Plaintiffs will have another encounter with the police and, due to the patterns and practices of discrimination towards disabled persons exercised by police officers in New York, the likelihood that police officers will fail to comply with their pre-existing obligations under the ADA.

56. Plaintiffs have thereby been damaged and requests appropriate injunctive relief which will compel Defendants to comply with their pre-existing obligations under the ADA, together with attorneys' fees and the costs and disbursements of this action.

### THIRD CAUSE OF ACTION – VIOLATION OF TITLE III OF THE ADA
### (COMPENSATORY DAMAGES)

57. At all relevant times the ADA, 42 U.S.C. §§12101, et seq. was in effect and applied to Defendants' conduct.

58. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. 36, were in full force and effect and applied to the Defendants' conduct.

59. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were qualified individuals with disabilities within the meaning of Title III of the ADA, 42 U.S.C. §12102(2).

60. At all times relevant to this action, the Defendants City of New York, its Police Department and its Corrections Department were public accommodations within the meaning of Title III of the ADA.

61. The objective of the ADA is to eliminate discrimination against individuals with disabilities. Section 302(a) of the ADA, 42 U.S.C. §12182 prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

62. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the ADA has directly injured, and continues to injure, Plaintiffs.

63. Defendants' violations of the ADA mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which he was entitled to by law and intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

64. Plaintiffs have been damaged and demand compensatory damages and punitive damages, together with attorneys' fees and the costs and disbursements of this action.

### FOURTH CAUSE OF ACTION – VIOLATION OF TITLE III OF THE ADA
### (INJUNCTIVE RELEIF)

65. At all relevant times the ADA, 42 U.S.C. §§12101, et seq. was in effect and applied to Defendants' conduct.

66. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. 36, were in full force and effect and applied to the Defendants' conduct.

67. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were qualified individuals with disabilities within the meaning of Title III of the ADA, 42 U.S.C. §12102(2).

68. At all times relevant to this action, the Defendants City of New York, its Police Department and its Corrections Department were public accommodations within the meaning of Title III of the ADA.

69. The objective of the ADA is to eliminate discrimination against individuals with disabilities. Section 302(a) of the ADA, 42 U.S.C. §12182 prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

70. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the ADA has directly injured, and continues to injure, Plaintiffs.

71. Defendants' violations of the ADA mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which he was entitled to by law and intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

72. Injunctive relief is appropriate because of the likelihood Plaintiffs will have another encounter with New York City police officers and, due to the patterns and practices of discrimination towards disabled persons exercised by police officers in New York City, the likelihood those police officers will fail to comply with their pre-existing obligations under the ADA.

73. Plaintiffs have been damaged and request appropriate injunctive relief which will compel Defendants to comply with their pre-existing obligations under the ADA, together with attorneys' fees and the costs and disbursements of this action.

## FIFTH CAUSE OF ACTION – VIOLATION OF THE REHABILITATION ACT (COMPENSATORY DAMAGES)

74. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. §794 was in full force and effect and applied to the Defendants' conduct.

75. At all times relevant to this action, the regulations implementing Section 504 of the Rehabilitation Act, 28 C.F.R. 45.501 et seq. and 28 C.F.R. 42.106 - 42.110 were in full force and effect and applied to the Defendant's conduct.

76. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were "handicapped person[s]" within the meaning of the Rehabilitation Act and 28 C.F.R. Part 45, and Plaintiffs were "otherwise qualified individual[s]" within the meaning of the Rehabilitation Act and codes enacted to further the purpose of the statute.

77. At all times relevant to this action, Defendants City of New York, its Police Department and Corrections Department, Administration were recipients of federal funds within the meaning of the Rehabilitation Act.

78. Section 504 of the Rehabilitation Act, 29 U.S.C. §794, provides: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

79. Under 28 C.F.R. §42.501 et seq., a recipient of federal assistance may not use methods of administration that amount to purposeful or effectual discrimination on the basis of handicap, and must insure that no qualified handicapped person is subjected to discrimination because the recipient's facilities are inaccessible to or unusable by handicapped persons.

80. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs constituted discrimination against him on the basis of disability in violation of Section 504 of the Rehabilitation Act.

81. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the Rehabilitation Act has directly injured, and continues to injure, Plaintiffs.

82. Defendants' violations of the Rehabilitation Act mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which they were entitled to by law and

intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

83. Plaintiffs have been damaged and demand compensatory damages and punitive damages, together with attorneys' fees and the costs and disbursements of this action.

<u>SIXTH CAUSE OF ACTION – VIOLATION OF THE REHABILITATION ACT</u>
<u>(INJUNCTIVE RELIEF)</u>

84. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendants' conduct.

85. At all times relevant to this action, the regulations implementing Section 504 of the Rehabilitation Act, 28 C.F.R. 45.501 et seq. and 28 C.F.R. 42.106 - 42.110 were in full force and effect and applied to the Defendants' conduct.

86. At all times relevant to this action, Plaintiffs had significant and apparent physical impairments substantially limiting their mobility and ability to perform manual tasks and were "handicapped person[s]" within the meaning of the Rehabilitation Act and 28 C.F.R. Part 45, and Plaintiffs were "otherwise qualified individual[s]" within the meaning of the Rehabilitation Act and codes enacted to further the purpose of the statute.

87. At all times relevant to this action, Defendants City of New York, its Police Department and its Corrections Department were recipients of federal funds within the meaning of the Rehabilitation Act.

88. Section 504 of the Rehabilitation Act, 29 U.S.C. §794, provides: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

16

89. Under 28 C.F.R. §42.501 et seq., a recipient of federal assistance may not use methods of administration that amount to purposeful or effectual discrimination on the basis of handicap, and must insure that no qualified handicapped person is subjected to discrimination because the recipient's facilities are inaccessible to or unusable by handicapped persons.

90. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs constituted discrimination against him on the basis of disability in violation of Section 504 of the Rehabilitation Act.

91. Defendants' failure to provide wheelchairs or other reasonable means of support to Plaintiffs in violation of their obligations under the Rehabilitation Act has directly injured, and continues to injure, Plaintiffs.

92. Defendants' violations of the Rehabilitation Act mentioned above deprived Plaintiffs of reasonable accommodations or modifications to which they were entitled to by law and intentionally and directly caused Plaintiffs to sustain past and continuing physical and emotional injuries. Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

93. Plaintiffs have been damaged and demand compensatory damages and punitive damages, together with attorneys' fees and the costs and disbursements of this action.

94. Injunctive relief is appropriate because of the likelihood Plaintiffs will have another encounter with New York City police officers and, due to the patterns and practices of discrimination towards disabled persons exercised by police officers in New York City, the likelihood those police officers will fail to comply with their pre-existing obligations under the Rehabilitation Act.

95. Plaintiffs have been damaged and request appropriate injunctive relief which will compel Defendants to comply with their pre-existing obligations under the Rehabilitation Act, together with attorneys' fees and the costs and disbursements of this action.

<u>SEVENTH CAUSE OF ACTION – VIOLATIONS OF 42 U.S.C 1983</u>

96. At all times relevant to this action, 42 U.S.C §1983 was in full force and effect and applied to the Defendants' conduct.

97. By their conduct, under color of law, Defendants deprived Plaintiffs of their constitutional right to be free from unreasonable searches and seizures secured to them by the Fourth Amendment of the United States Constitution.

98. Defendant Officer Foy, acting as a police officer employed by the City of New York, intended to arrest, arrested and imprisoned Plaintiffs without probable cause, without a warrant and with malice and intentional disregard for Plaintiffs' constitutional rights. Plaintiffs were aware of their confinement due to their imprisonment in the first precinct of the New York City Police Department. Plaintiffs' confinement was not otherwise privileged.

99. As a result of the seizure of their persons, Plaintiffs were deprived of their freedom and liberty and suffered emotional and mental distress thereof.

100. By their conduct, under color of law, Defendants employed force during and after arrest which far exceeded that which was reasonable or necessary under the circumstances by the reasonableness standard embodied in the Fourth Amendment of the United States Constitution.

101. By their conduct, under color of law, Defendants deprived Plaintiffs of their property without due process of law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

102. By their conduct, under color of law, Defendants denied Plaintiffs their right to due process by depriving them of their property for arbitrary or irrational reasons in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

103. By their conduct, under color of law, Defendants denied Plaintiffs their right to communication with the outside world secured to them by the First Amendment of the United States Constitution by prohibiting them from accessing a telephone.

104. By their conduct, under color of law, Defendants, by denying or delaying Plaintiffs access to medical care or reasonable treatment, were deliberately indifferent to Plaintiffs' serious medical needs and caused unnecessary and wanton infliction of pain in violation of the constitutional rights secured to Plaintiffs by the Eighth amendment of the United States Constitution.

105. Defendants, acting under color of state law, and in violation of the right to counsel secured to Plaintiffs by the Sixth Amendment of the United States Constitution, refused Plaintiffs telephone access, making it impossible for Plaintiffs to communicate with an attorney.

106. By their conduct, under color of law, Defendants, intentionally punished Plaintiffs in violation of the rights secured to Plaintiffs as detainees by the Fifth and Fourteenth amendments of the United States Constitution.

107. By denying Plaintiffs' Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.

<u>MONELL CLAIM</u>

108. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors with respect to arresting disabled vendors known by the City to be disabled, without providing for reasonable accommodations to account for their known disabilities. This caused the violation of Plaintiff's rights.

109. It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors and the arrest of disabled street vendors, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

110. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiffs' constitutional rights for which they suffered damages.

WHEREFORE, Plaintiffs request the following relief jointly and severally as against all the Defendants:

1. Award compensatory and punitive damages in an amount to be determined at trial;
2. Disbursements, costs, and attorneys' fees; and
3. Such other and further relief as this Court may seem deem just and proper.

Dated:        New York, New York
              June 20, 2014


                                        Respectfully submitted,


                                        SEAN BASINSKI / SB3597
                                        Urban Justice Center
                                        *Attorneys for Plaintiff*
                                        123 William Street, 16th Floor
                                        New York, NY 10038
                                        (646) 602-5679 phone
                                        (212) 533-4598 fax